UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BULMARO MENDEZ, et al.,

    Plaintiffs,

v.

REINFORCING IRONWORKERS UNION LOCAL 416, et al.,

    Defendants.

2:09-CV-02332-LRH-NJK

ORDER

Before the court is defendant Reinforcing Ironworkers Union Local 416's ("Local 416's") first and second motions in limine (##88, 89[1]). Plaintiffs have responded (##98, 99). In addition, the court heard oral argument on these motions in a December 18, 2012 hearing.

## I.   Factual and Procedural History

This is an employment discrimination case. It was brought by eleven Hispanic ironworkers ("Plaintiffs") against their union, Local 416, and its parent organization, International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers ("International"), for alleged racial discrimination and retaliation in violation of 42 U.S.C. § 1981. Plaintiffs also seek to represent a class of all current and former Hispanic members of Defendants that were subjected to discrimination; however, no motion for class certification has yet been filed.

//

---

[1] Refers to the court's docket entry number.

On December 19, 2011, this court decided the defendants' motions for summary judgment. (*See* Order #79, pp. 9-10.) In that Order, the court granted summary judgment to International and granted partial summary judgment to Local 416. Specifically, the court granted Local 416 summary judgment on Plaintiffs' claim of discriminatory application of dispatch procedures and on nearly every claim of retaliation for complaining about racial discrimination–only plaintiff Mendez's retaliation claim survives. Aside from Mendez's retaliation claim, the sole issue for trial is Plaintiffs' discrimination-by-virtue-of-hostile-work-environment claim brought under 42 U.S.C. § 1981. With respect to this claim, Local 416 allegedly subjected Plaintiffs to abuse and harassment, including racial slurs by the union's business agent, Donnie Grayman, and accusations and assumptions that Plaintiffs could not work legally in the United States and "should go back to Mexico."

Following the December 19 Order, Local 416 submitted six motions in limine. These motions seek, respectively, to exclude (1) "any and all evidence that Local 416 was in any way responsible for the lack of work at the time the alleged discriminatory events occurred,"[2] (2) "any and all evidence that Local 416 failed in any manner to properly represent Plaintiffs as members of Local 416,"[3] (3) "any and all argument or evidence that [p]laintiff Mendez was retaliated against by the alleged lack of investigation performed by Business Representative Donny [sic] Grayman into Mendez's layoff from employment at the McCarran job site in November 2009,"[4] (4) "any and all argument or evidence that a hostile work environment existed or was created by Local 416 outside the Local 416 hiring hall,"[5] (5) "any and all argument or evidence that a hostile work environment

---

[2] (#88.)

[3] (#89.)

[4] (#91.)

[5] (#92.)

2

existed as to Plaintiffs during the statutory period,"[6] and (6) "any and all argument or evidence of any claim that dispatch procedures were not followed or that a denial of employment opportunities related to dispatches occurred."[7] The court denied motions (3) through (6) at a December 18, 2012 hearing, reserving judgment on the first and second motion. The court now rules on these motions.

## II. Legal Standard

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). The decision on a motion in limine is consigned to the district court's discretion–including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and they should not be granted unless "the evidence [is] inadmissible on all potential grounds." *See, e.g., Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on these motions are not binding on the trial judge, and they may be changed in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

## III. Discussion

### A. Local 416's First Motion in Limine: Excluding Evidence that Local 416 Was Responsible for Lack of Work

Local 416 seeks to exclude any evidence that it was responsible for Plaintiffs' lack of work during the discriminatory period. It seeks this exclusion on the basis that such evidence lacks foundation and would be prejudicial.

Exclusion at this stage is inappropriate. First, Local 416 and Plaintiffs disagree about the

---

[6] (#93.)

[7] (#94.)

3

extent to which Local 416 controlled Plaintiffs' work assignments, and resolution of this disagreement requires the court to settle a factual dispute. This is an inappropriate basis for a motion in limine. Second, Plaintiffs' ability or inability to establish the proper foundation for this evidence is better viewed in the "proper context" of the parties' submissions at trial.[8] *Hawthorne Partners*, 831 F. Supp. at 1400. Third, this evidence is not prejudicial within the meaning of Federal Rule of Evidence 403. While Rule 403 allows the exclusion of relevant evidence if its probative value is "substantially outweighed by the danger of unfair prejudice," this standard contemplates evidence that "appeals to emotion in ways that seem likely to overpower reason" or evidence likely to be misused for an improper purpose. 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:13 (3d ed. 2012). Local 416 has provided no argument that properly founded lack-of-work evidence would either inflame the jury's passions or be used for an improper purpose. Therefore, Local 416's first motion in limine is hereby denied.

### B. Local 416's Second Motion in Limine: Excluding Evidence that Local 416 Failed to Properly Represent Plaintiffs as Members of the Union

Local 416 seeks to exclude any argument or evidence that it failed to properly represent Plaintiffs as members of Local 416. It argues that such evidence is irrelevant and barred by the statute of limitations. Local 416 also argues that such evidence is prejudicial under Rule 403 because this evidence would waste time and confuse the jury.

Local 416's principal objection to this evidence is that it is irrelevant to the hostile work environment claim. Since (the argument goes) evidence of racially discriminatory conduct is

---

[8] Local 416 does not object to the relevance of this evidence. If Plaintiffs were able to establish a proper foundation for this evidence, this evidence would be relevant to the "unwelcome conduct" element of their hostile work environment claim. *See Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

4

relevant to a failure-to-represent claim[9]–a claim Plaintiffs do not advance[10]–this evidence must be irrelevant to the hostile work environment claim. Local 416's objection appears to be premised on the notion that a particular piece of evidence is relevant to one and only one type of claim. But this notion plainly contradicts the scheme of the Federal Rules of Evidence, in which the same piece of evidence may be relevant to (and admissible to prove) two different claims. *See* Fed. R. Evid. 401.

Under the Federal Rules, evidence is relevant if it tends to prove the point for which it is offered and if that point matters to the case. *See id.*, advisory committee notes. Relevance is easily shown when the evidence tends to directly prove or disprove an element of a claim. *See, e.g., United States v. Rivera-Gomez*, 67 F.3d 993, 996-97 (1st Cir. 1995). Here, Local 416's alleged racially discriminatory conduct is offered to prove "unwelcome" conduct that creates an "abusive" work environment–an element of their hostile work environment claim. *See Johnson,* 534 F.3d at 1122.

Finally, evidence of the union's failure to properly represent Plaintiffs is only confusing or dilatory if offered to prove a cause of action that the Plaintiffs did not state. Quite clearly, Plaintiffs will offer evidence of Local 416's racial discrimination to demonstrate a hostile work environment and not to prove a cause of action they did not state under a statute they did not cite. *See Vaca v. Sipes*, 386 U.S. 171, 173 (citing the statute giving rise to the duty of fair representation). Therefore, this evidence is not prejudicial under Rule 403.

IT IS THEREFORE ORDERED that Local 416's First Motion in Limine (#88) is DENIED without prejudice.

//

---

[9] And it is: a union's duty of fair representation includes the duty to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967).

[10] Plaintiffs' failure to advance a failure-to-represent claim means that the statute of limitations for this claim is irrelevant.

5

IT IS FURTHER ORDERED that Local 416's Second Motion in Limine (#89) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 7th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE