UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BULMARO MENDEZ, et al.,

    Plaintiffs,

v.

REINFORCING IRONWORKERS UNION LOCAL 416, et al.,

    Defendants.

2:09-CV-02332-LRH-NJK

ORDER

Before the court is defendant Reinforcing Ironworkers Union Local 416's ("Local 416's") Motion to Bifurcate Punitive Damage Claims (#111[1]). Plaintiffs have responded (#119), and Local 416 has replied (#120).

**I.    Facts and Procedural History**

This is an employment discrimination case. It was brought by eleven Hispanic ironworkers ("Plaintiffs") against their union, Local 416, and its parent organization, International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers ("International"), for alleged racial discrimination and retaliation in violation of 42 U.S.C. § 1981. Plaintiffs also seek to represent a class of all current and former Hispanic members of Local 416 that were subjected to discrimination; however, no motion for class certification has been filed.

///

---

[1]Refers to the court's docket entry number.

On December 19, 2011, this court decided Local 416's motions for summary judgment. (*See* Order #79,[2] pp. 9-10.) In that Order, the court granted summary judgment to International and granted partial summary judgment to Local 416. Specifically, the court granted Local 416 summary judgment on Plaintiffs' claim of discriminatory application of dispatch procedures and on nearly every claim of retaliation for complaining about racial discrimination–only plaintiff Mendez's retaliation claim survives. Along with this claim, the remaining issue for trial is Plaintiffs' discrimination-by-virtue-of-hostile-work-environment claim brought under 42 U.S.C. § 1981. With respect to this claim, Local 416 allegedly subjected Plaintiffs to abuse and harassment, including racial slurs by the union's business agent, Donnie Grayman, and his accusations and assumptions that Plaintiffs could not work legally in the United States and "should go back to Mexico."

The motion to bifurcate the trial seeks to separate the jury's determination of liability for punitive damages from the determination of the amount of punitive damages. In practical terms, this involves "instructing the jury on punitive damages only after it has returned a verdict against Local 416 with a finding that Local 416's conduct toward the Plaintiffs warrants an award of punitive damages." (Motion to Bifurcate #111, p. 4:16-18.)

**II.   Discussion**

Rule 42(b) of the Federal Rules of Civil Procedure "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings." *Hangarter v. Provident Life & Accident Insurance Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (citation and quotation marks omitted). However, the "normal procedure" is to try punitive liability and amount issues together, with appropriate instructions making clear the difference, since the evidence on these issues "usually overlaps substantially." *Id.* (citation and quotation marks omitted). The main limitation on a district court's ability to bifurcate liability and damages is constitutional: the court must preserve any federal right to a jury trial. Fed. R. Civ. P. 42(b). In

---

[2] Refers to court's docket number.

considering a motion to bifurcate trial, courts have weighed the factors of convenience, prejudice, judicial economy, risk of confusion, and whether the issues are clearly separable.[3] *See* William W. Schwarzer et al., *Federal Civil Procedure Before Trial* § 16:160.4 (2011). Finally, a decision to bifurcate is reviewed on appeal for abuse of discretion. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

Local 416 bases its motion to bifurcate on the lack of prejudice to Plaintiffs, on judicial economy, and on reducing the risk of confusion to the jury.[4] First, the Plaintiffs are not likely to be prejudiced by "a brief presentation of evidence [following the jury's deliberation and decision on liability] regarding punitive damages should the jury conclude that punitive damages are warranted." *Spears v. Adamson*, 3:04-CV-00087-LRH-RAM, 2009 WL 948544 at *1 (D. Nev. Apr. 6, 2009). Nor is judicial economy likely to be endangered, so long as the presentation on punitive damages is brief. *Id*. Furthermore, the evidentiary standards for liability and punitive damages are different: liability requires a preponderance standard, while punitive damages require a clear-and-convincing standard. *Hangarter*, 373 F.3d at 1021. These different standards might pose a potential risk of confusing the jury.

Bifurcation normally requires more than a risk of jury confusion as to the evidentiary standards for liability and punitive damages, however. *Hangarter*, 373 F.3d at 1021. In *Spears*, for instance, "the presentation of evidence relating to [defendant's] financial status [in the liability

///

///

---

[3] The last factor refers to the risk that "the same issue is reexamined by different juries." *Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995). This risk does not exist in the bifurcation of liability and damages issues because the same jury will hear both issues. *Id*.

[4] Local 416 further argues that bifurcation is warranted because the jury trial right is not endangered. This misconceives the relationship of the jury trial right to bifurcation. The Seventh Amendment jury trial right is a limitation on the ability to bifurcate; it is not one of the factors to be weighed in determining "expedit[iousness] and economy." Fed. R. Civ. P. 42(b).

3

phase was] likely to unnecessarily confuse and mislead the jury." 2009 WL 948544 at *1.[5] Similarly, in *Hangarter*, the court emphasized that the defendant's financial information *was* relevant to liability. 373 F.3d at 1021. Therefore, the court denied the motion to bifurcate the liability and punitive damages phases.

These cases suggest bifurcation is inappropriate if Local 416 does not intend to present evidence relating to the amount of punitive damages that could confuse or mislead the jury on liability. Aside from assurances that "[e]vidence of damages is often lengthy, complex, and extremely detailed," Local 416 has not made any offers of proof on its financial condition, for example, or on other damage issues likely to confuse the jury and prolong the trial. (Local 416's Reply #120, p. 3:26.) Furthermore, bifurcation on the similar issues of liability for and amount of punitive damages does not enhance judicial economy unless the parties can agree to a "brief presentation of evidence" on punitive damages. *Spears*, 2009 WL 948544 at *1. The parties have not (yet) so agreed. Therefore, Local 416 has not justified a departure from the "normal procedure" of trying punitive damages liability and amount simultaneously. *Hangarter,* 373 F.3d at 1021.

IT IS THEREFORE ORDERED that Local 416's Motion to Bifurcate Punitive Damage Claims (#111) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[5] In this case, the defendant announced its intention to present evidence of its financial position in order to ensure that the punitive damage award was reasonably "proportional."

4